FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SEP 1 0 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| EILEEN HAILEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL FILE NO. |
| VS. | ) | |
| | ) | |
| AMIR HAMMAMI, MALCOLM | ) | **1:09-CV-2482** |
| JOEL, AND NORTH FULTO N | ) | |
| MEDICAL CENTER, INC., d/b/a | ) | |
| NORTH FULTON REGIONAL | ) | |
| HOSPITAL | ) | **CAP** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW, EILEEN HAILEY, and for her Complaint against the

Defendants herein, shows this Court the following:

### JURISDICTION

Plaintiff is a citizen of the State of South Carolina and the Defendants

are citizens of the State of Georgia. The matter in controversy exceeds,

exclusive of interest and costs, the sum specified by 28 U.S.C.A. §1332,

$75,000.00. This Court has jurisdiction of this matter pursuant to Section 2,

Clause I of the Article III of the Constitution of the United States of

America, and 28 U.S.C.A. §1332.

STATEMENT OF CLAIM

1.

The Defendant AMIR HAMMAMI (hereinafter Defendant doctor) is a resident of this State and District, may be served at 515 Telford Pl., NE, Sandy Springs, GA, and is subject to the jurisdiction of this Court.

2.

The Defendant MALCOLM JOEL (hereinafter Defendant doctor) is a resident of this State and District, may be served at 500 Franklin Road, NE, Sandy Springs, GA and is subject to the jurisdiction of this Court.

3.

The Defendant North Fulton Regional Medical Center, Inc., does business in this State and District as North Fulton Regional Hospital, 3000 Hospital Blvd., Roswell, GA 30076, may be served at the office of its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361, and is subject to the jurisdicition of this Court.

4.

On September 14, 2007, Plaintiff had colon surgery at North Fulton Regional Hospital to remove a section of her colon where cancerous polyps

had been previously discovered. Said surgery was performed by Mitchell Guttenplan, M.D.

5.

During and as result of the surgery, Dr. Guttenplan removed, or caused to be removed, tissue from the area surrounding the removed colon section, which tissue sample contained several lymph nodes adjacent to the section of removed colon.

6.

The said removed tissue was delivered to the Defendant doctors for a pathological examination of the lymph nodes, which examination would have been of vital assistance to Plaintiff's physicians in accurately staging, or determining the spread or metastasis of, the cancer found in the Plaintiff's colon.

7.

Despite their receipt of the tissue sample delivered to them, the Defendant doctors failed to isolate, find, or examine any lymph nodes of the Plaintiff.

8.

The Defendant doctors also failed to preserve or save the tissue sample which may have been later examined for the purpose of evaluating the Plaintiff's lymph nodes to determine the extent of spread, or metastasis, of the cancer found in the Plaintiff's colon.

9.

The failures of the Defendant doctors to identify, examine and preserve the tissue and lymph nodes of the Plaintiff were each failures of the Defendant doctors to meet the standard of care for the medical community and constituted medical malpractice.

10.

The Defendants doctors, at all times material hereto, were acting within the scope and authority of their relationship or employment with Defendant North Fulton Regional Hospital, and the Defendant North Fulton Regional Hospital is liable to the Plaintiff therefore.

11.

Alternatively, Defendant North Fulton Regional Hospital failed to appropriately deliver the tissue sample removed from Plaintiff by Dr. Guttenplan, which failure prevented the Defendant doctors to conduct the

examination of the tissue and which lead to Plaintiff's damages. Such a failure constituted negligence.

12.

As a direct and proximate cause and result of the Defendants to examine, evaluate, or preserve the Plaintiff's lymph nodes, Plaintiff's doctors were unable to accurately stage the Plaintiff's cancer.

13.

As a result of their inability to accurately stage Plaintiff's cancer, Plaintiff's doctors were unable to determine how extensively they were medically required to treat the Plaintiff.

14.

As a result of their inability to stage Plaintiff's cancer, the Plaintiff's doctors were forced to administer chemo therapy to the Plaintiff, which would not have been necessary had an examination of the lymph nodes turned out to be negative.

15.

As a result of having to undergo chemo therapy, the Plaintiff incurred medical expenses, loss of wages damages, and great pain and suffering of both body and mind.

WHERFORE Plaintiff demands 1) a trial by jury, 2) judgment against the

Defendants in an amount to be determined by the enlightened conscience of

an impartial jury, 3) all costs of this action, and 4) whatever additional

remedy or remedies which this Court finds appropriate.

DAVID H. LANNER, SR.
Attorney for Plaintiff
Ga. Bar No. 438050

P.O. Box 33039
Decatur, GA 30033
(404) 370-1822